536 So.2d 1336 (1988)
James T. REED
v.
STATE of Mississippi.
No. 58069.
Supreme Court of Mississippi.
December 14, 1988.
*1337 Christopher A. Tabb, Brandon, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Wayne Snuggs, Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, PRATHER and GRIFFIN, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
James T. Reed was indicted, tried and convicted in the Circuit Court of Rankin County for armed robbery in violation of Mississippi Code Annotated § 97-3-79 (1972). He was sentenced by the jury to life imprisonment, and has appealed to this Court assigning the following errors in the trial below:
I.
APPELLANT HAD INEFFECTIVE COUNSEL.
II.
THE SENTENCE OF LIFE IMPRISONMENT VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH *1338 AMENDMENT TO THE UNITED STATES CONSTITUTION.
III.
THE LOWER COURT ERRED IN FAILING TO GRANT A NEW TRIAL SINCE THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.

Facts
About 4:00 p.m. on Saturday, June 18, 1985, appellant James T. Reed and another male entered the Diamond Jewelers store in Pearl, Mississippi. Appellant's companion asked to see a chain from the showcase and inquired if he could put the chain on lay-away. Mitch Trebotich, store employee, was completing the lay-away form when appellant's companion drew a gun and forced Trebotich to lie on the floor. Appellant then walked around the counter and bound Trebotich. The two men took gold jewelry, $200.00 in cash from the store, and some checks and $1,250 in cash which was under the counter near Trebotich's head.[1] The two men were in the store approximately twenty (20) minutes and Trebotich had an opportunity to get a good look at them. He was able to describe their clothing and remembered their faces and physical characteristics. Later, he looked through a book with photographs of known criminals displayed to him by the police, but could not identify any of those individuals. About a week later, he was shown ten photographs of similar looking black males and he, at that time, quickly identified appellant.
Trebotich described the gunman as a black male, approximately six feet tall, wearing a pearl earring in his left ear and fingernail polish on both hands. As a result of that description, an officer of the Jackson Police Department arrested Lewis Allison on June 12, 1985, and recovered from him items of jewelry taken from the store in the robbery. Other items of jewelry were recovered from Mary Ann Stiff, who said that she and appellant Reed had taken the jewelry to the house of a man who was supposed to help appellant sell the jewelry. Appellant had given Mary Ann Stiff some jewelry to keep for him and she had hidden it outside of her house. A Jackson police officer, accompanied by a man (CI) named "Sonny", who had given the police officer information that appellant and Stiff came to his house with the jewelry, went to Stiff's house and the jewelry was recovered.
At trial, photographs of jewelry were identified by Trebotich as the items which had been taken in the robbery. Appellant's defense was alibi, which was adduced by the brother of appellant and appellant's employer, Roy Benjamin. They both testified that appellant worked at Benjamin's place of business the entire day of June 8, 1985.

I.

APPELLANT HAD INEFFECTIVE COUNSEL.
Appellant contends that he had ineffective counsel for three reasons, i.e., trial counsel: (1) failed at trial to object when Trebotich identified him as one of the men involved in the robbery and failed to explore the possibility of misidentification because of a possibly suggestive pretrial photographic array; (2) failed to object to the introduction of photographs of the stolen jewelry on the ground that the merchandise was the best evidence; and (3) failed to point out in closing argument that life imprisonment would be unfair to Reed when the gunman in the robbery was faced with serving only nine (9) years imprisonment.
In considering the ineffective counsel question, this Court applies the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and looks to the totality of the circumstances to determine whether or not counsel's conduct falls within the wide range of reasonable professional *1339 assistance. See Carney v. State, 525 So.2d 776, 780 (Miss. 1988). If the Court finds professional errors, then it determines whether there is a reasonable probability that without counsel's errors the judgment in the case would have been different. Cabello v. State, 524 So.2d 313, 315 (Miss. 1985).
As to the photographic identification, Trebotich saw his assailants for approximately twenty (20) minutes, he studied them carefully during the time, he was able to give a minute description of them, particularly the gunman, and when he was shown pictures, he immediately made the identification. As a result of his descriptions, the robbers were arrested, and much of the stolen merchandise and money was recovered. Appellant offered no evidence that the pretrial identification was suggestive, and nothing to indicate that the in-court identification at trial was tainted as a result of the pretrial photographic identification. As to appellant's contention that the photographs of the jewelry were not the best evidence, he offers no authority for his contention on that question. The best evidence rule applies only to documentary evidence. Talbert v. State, 347 So.2d 352, 354 (Miss. 1977).
Appellant next contends under this assigned error that his sentence was unfair, that his counsel "failed to even point out in closing argument the unfairness of a life sentence for Appellant, when the gunman in the robbery was only sentenced to nine (9) years to serve." We simply note that at the time of appellant's trial, the accomplice gunman had not been sentenced.
Assigned Error I is rejected.

II.

THE SENTENCE OF LIFE IMPRISONMENT VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
The appellant contends under this assigned error that the sentence of life imprisonment violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. At the outset, we note that the record reflects appellant did not present to the trial court the proposition that his sentence was unconstitutional, that he may not assert that allegation on appeal, and it is procedurally barred. Billiot v. State, 454 So.2d 445, 455 (Miss. 1984); Taylor v. State, 452 So.2d 441, 450 (Miss. 1984).
Further, it is well settled that the imposition of a sentence is within the discretion of the trial court and this Court will not review the sentence, if it is within the limits prescribed by statute. Ainsworth v. State, 304 So.2d 656, 658 (Miss. 1974), cert. den. 422 U.S. 1012, 95 S.Ct. 2637, 45 L.Ed.2d 676 (1975).
The assigned Error II is rejected.

III.

THE LOWER COURT ERRED IN FAILING TO GRANT A NEW TRIAL SINCE THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
The appellant contends under assigned Error III that the verdict was against the overwhelming weight of the evidence and that the lower court erred in refusing to grant a new trial on that ground.
The answer to this argument is that the evidence is overwhelmingly against the appellant, reflecting that he was an active participant in the robbery; that he was positively identified as being one of the robbers; that the stolen items, or many of them, were recovered; and that the guilt issue was fairly resolved against him by the jury.
Assigned Error III is rejected.
The judgment of the lower court is affirmed.
AFFIRMED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
NOTES
[1] The checks and $1,250 in cash were the property of Circuit Judge Alfred Nicols, which were being safely kept by the store.