## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CA-01353-SCT

*LORENZO DILLARD*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/19/96 |
| TRIAL JUDGE: | HON. JOHN M. MONTGOMERY |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/15/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 1/5/98 |

**BEFORE SULLIVAN, P.J., SMITH AND MILLS, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

On August 13, 1993, Lorenzo Dillard was indicted on two (2) counts of sale of cocaine and one (1) count each of possession, possession with intent to distribute, and aggravated assault. Thereafter, on May 24, 1994, Dillard pled guilty to two (2) counts of sale of cocaine and, as a result of the plea agreement, the other three (3) charges were retired to the files. Dillard was sentenced to twenty (20) years imprisonment for each count, with said sentences to run concurrent.

Dillard filed his first Motion for Post-Conviction Relief (PCR) with the Lowndes County Circuit Court on June 20, 1995. This motion was denied without an evidentiary hearing by Circuit Court Judge John Montgomery on August 22, 1995.

On October 23, 1996, Dillard filed a second Motion for Post-Conviction Collateral Relief in the Circuit Court of Lowndes County, Mississippi. However, by Order dated November 19, 1996, Circuit Court Judge John M. Montgomery dismissed Dillard's petition without an evidentiary hearing.

Dillard appeals to this Court *pro se* and raises the following issues:

**I. WHETHER DILLARD'S SENTENCE WAS EXCESSIVE COMPARED TO OTHER DEFENDANTS CONVICTED IN THE SAME COURT FOR THE SAME CRIME.**

**II. WHETHER DILLARD'S GUILTY PLEA WAS INVOLUNTARY.**

**III. WHETHER DILLARD RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.**

**IV. WHETHER THE TRIAL COURT ERRED IN DISMISSING DILLARD'S POST-CONVICTION RELIEF MOTION WITHOUT AN EVIDENTIARY HEARING.**

## LEGAL ANALYSIS

Before addressing the merits of each of Dillard's claims, it should be noted that this is Dillard's second request for relief under the Post-Conviction Collateral Relief Act. ***See*** Miss. Code Ann. § 99-39-1 et seq. (1994). Thus Dillard's request is barred in that the order dismissing his first request for relief is a final judgment and is conclusive. Miss. Code Ann. § 99-39-23(6) (Supp. 1997). However, a brief discussion of the issues listed above also reveals that there is no merit to any of Dillard's claims.

### I. WHETHER DILLARD'S SENTENCE WAS EXCESSIVE COMPARED TO OTHER DEFENDANTS CONVICTED IN THE SAME COURT FOR THE SAME CRIME.

Dillard argues that his sentence is excessive and constitutes cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution. Dillard contends that his sentence is far greater than those sentences of other defendants in the same court convicted of the same charge. In support of his argument, Dillard submitted a newspaper article covering the cases that were disposed of in the Lowndes County Circuit Court during the August - December 1995 term. In the article there were six (6) cases involving the same charge as Dillard's (sale of cocaine) with sentences ranging from three (3) to five (5) years.

The standard for analysis regarding sentencing is found in this Court's ***Hoops*** decision.

> Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute. ***Reynolds v. State***, 585 So.2d 753, 756 (Miss. 1991) (citing ***Reed v. State***, 536 So.2d 1336, 1339 (Miss. 1988); ***Boyington v. State***, 389 So.2d 485 (Miss. 1980)). "Further, the general rule in this state is that a sentence cannot be disturbed on appeal so long as it does not exceed the maximum term allowed by statute." ***Fleming v. State***, 604 So.2d 280, 302 (Miss. 1992) (citing ***Corley v. State***, 536 So.2d 1314, 1319 (Miss. 1988); ***Reed v. State***, 536 So.2d 1336, 1339 (Miss. 1988)).

***Hoops v. State***, 681 So.2d 521, 537-38 (Miss. 1996). "However, where a sentence is 'grossly disproportionate' to the crime committed, the sentence is subject to attack . . .." ***Edwards v. State***, 615 So. 2d 590, 597 (Miss. 1993) (*citing* ***Wallace v. State***, 607 So. 2d 1184, 1188 (Miss. 1992);

***Fleming v. State***, 604 So. 2d 280, 302 (Miss. 1992)). This Court has adopted the ***Solem*** test when evaluating proportionality. ***Edwards***, 615 So. 2d at 598. "The [Solem] elements are: (1) the gravity of the offense and the harshness of the penalty; (2) **comparison of the sentence with sentences imposed on other criminals in the same jurisdiction**; and (3) comparison of sentences imposed in other jurisdictions for commission of the same crime with the sentence imposed in this case." ***Id.*** (emphasis added).

At first glance, it may seem that Dillard's sentence was grossly disproportionate since other criminals in the same jurisdiction were given sentences ranging from 3 to 5 years whereas Dillard was sentenced to 20 years for the same offense. However, a closer look reveals that Dillard's sentence was not disproportionate and does not warrant a Solem review. Dillard was sentenced on May 24, 1994, whereas the sentences covered in the newspaper article were handed down in August through December 1995.

Because a change in Mississippi sentencing and parole laws took effect in July 1995, the sentences Dillard submitted in support of his disproportionate sentence claim are irrelevant. "Prior to July 1, 1995, most offenders convicted of felonies and sentenced to a term of incarceration of one (1) year or more, were allowed to be eligible for parole after serving twenty-five (25%) of their sentence pursuant to Miss. Code Ann. § 47-7-3 (Supp. 1993) (Parole Board Review)." ***Puckett v. Abels***, 684 So. 2d 671, 672 (Miss. 1996). "Also prior to July 1, 1995, an inmate could obtain his release by serving fifty percent (50%) of his sentence pursuant to the earned time provisions of Miss. Code Ann. § 47-5-138 (1993) (Earned Release)." ***Id.*** However, "Senate Bill 2175 [which took effect July 1, 1995] requires that eighty-five percent (85%) of a sentence be served and eliminates the opportunity for parole . . .." ***Id.*** Consequently, the evidence cited by Dillard in support of his disproportionate sentence claim is irrelevant. We find Dillard's claim that his sentence is grossly disproportionate is unfounded and thus his sentence is not subject to the Solem proportionality review.

Furthermore, Miss. Code Ann. § 41-29-139(b) (Supp. 1997), provides for a maximum sentence of thirty (30) years and a one million-dollar fine for each count of sale of cocaine. However, Dillard only received sentences of twenty (20) years for each count, and the sentences were made concurrent to each other. Thus, instead of a possible sixty (60) year sentence and two-million dollar fine, Dillard received a prison term of only one-third the possible prison sentence and no monetary fine. Additionally, Dillard fails to take into account the fact that he was also indicted for possession, possession with intent, and aggravated assault in addition to the two counts of sale of cocaine. However, as part of his plea bargain, these other three charges were retired to the files. Under such circumstances a sentence of twenty (20) years hardly seems disproportionate or excessive. Moreover, because Dillard's sentence is well within the statutorily prescribed limits, this Court will not disturb the trial court's ruling.

## II. WHETHER DILLARD'S GUILTY PLEA WAS INVOLUNTARY.

Dillard contends that his attorney did not inform him of the actual elements of the sale of cocaine charge. He further contends that his case was no more than a mere possession of cocaine and that he would have gone to trial rather than pleading guilty had he been properly informed of the elements. Additionally, Dillard states that he did not understand "what was going on during the plea procedures" and he "was only doing what his attorney told him to do concerning the plea."

When determining the validity of a guilty plea, this Court has held that a "guilty plea will only be binding upon a criminal defendant if it is voluntarily and intelligently entered." ***Drennan v. State***, 695 So. 2d 581, 584 (Miss. 1997) (*quoting* ***Banana v. State***, 635 So. 2d 851, 854 (Miss. 1994)). *See, e.g.*, ***Boykin v. State***, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 2d 274 (1969); ***Alexander v. Alabama***, 605 So. 2d 1170, 1172 (Miss. 1992); ***Myers v. State***, 583 So. 2d 174, 177 (Miss. 1991); ***Wilson v. State***, 577 So. 2d 394, 397 (Miss. 1991). "In order for a guilty plea to be voluntarily and intelligently entered, a defendant must be advised about the nature of the crime charged against him and the consequences of the guilty plea." ***Banana***, 635 So. 2d at 854. Specifically, Rule 8.04(A)(4)[1] of the Uniform Rules of Circuit and County Court Practice, provides:

> *Advice to the Defendant.* When the defendant is arraigned and wishes to plead guilty to the offense charged, it is the duty of the trial court to address the defendant personally and to inquire and determine:
>
> That the accused is competent to understand the nature of the charge;
>
> That the accused understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law;
>
> That the accused understands that by pleading guilty (s)he waives his/her constitutional rights of trial by jury, the right to confront and cross-examine adverse witnesses, and the right against self-incrimination; if the accused is not represented by an attorney, that (s)he is aware of his/her right to an attorney at every stage of the proceeding and that one will be appointed to represent him/her if (s)he is indigent.

U.R.C.C.C. 8.04(A)(4).

The court records indicate that the trial court conducted a hearing pursuant to Rule 8.04 and determined that Dillard freely, voluntarily, knowingly and intelligently entered his guilty plea. During this hearing, the court determined that there was a factual basis for the charge of sale of cocaine. In addition, the trial judge specifically asked "Did you commit these crimes, Mr. Dillard? Did you sell crack cocaine in these two cases?" In response, Dillard answered "Yes, sir." Dillard also signed a Petition to Enter Guilty Plea wherein he indicated that he was advised by his attorney of the nature of each charge and that he was satisfied with his attorney's performance. Additionally, Dillard's attorney filed a Certificate of Counsel indicating that he had carefully discussed this matter with Dillard and certified that Dillard had no mental or physical condition which would affect his understanding of the proceedings.

In ***Smith v. State***, 636 So. 2d 1220 (Miss. 1994), this Court stated "[w]hen we compare [Smith's] previous sworn testimony during his guilty plea with his current affidavit, the latter is practically rendered a 'sham,' thus allowing summary dismissal of the petition to stand." ***Id.*** at 1224 (citation omitted). "At one time or the other Smith has obviously committed perjury, which may warrant appropriate action by a grand jury." ***Id.*** (*citing* ***Sanders v. State***, 440 So. 2d 278, 289 (Miss. 1983) (Roy Noble Lee, J., specially concurring)). The case *sub judice* is similar to ***Smith*** in that Dillard's pleadings are in direct conflict with the guilty plea hearing transcript, his own Petition to Enter Guilty Plea, and his attorney's Certificate of Counsel. The record clearly belies every allegation Dillard makes in his Motion for Post-Conviction Relief. Consequently, we find that there is no merit to

Dillard's claim that his guilty plea was not voluntarily given.

### III. WHETHER DILLARD RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

The standard for reviewing claims of ineffective assistance of counsel was set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Mississippi adopted the *Strickland* standard in *Stringer v. State*, 454 So. 2d 468, 476-78 (Miss. 1984) and has consistently applied this standard in subsequent cases. *Neal v. State,* 525 So. 2d 1279, 1281 (Miss. 1987) (*citing Ferguson v. State*, 507 So. 2d 94, 95-97 (Miss. 1987); *Waldrop v. State*, 506 So. 2d 273, 275-76 (Miss. 1987); *Alexander v. State*, 503 So. 2d 235, 240-41 (Miss. 1987); *King v. State*, 503 So. 2d 271, 273-76 (Miss. 1987); *Leatherwood v. State*, 473 So. 2d 964 (Miss. 1985)).

Our inquiry under *Strickland* is twofold:

(1) Was defense counsel's performance deficient when measured by the objective standard of reasonable professional competence, and if so

(2) Was [the appellant] prejudiced by such failure to meet that standard?

*Hansen v. State*, 649 So. 2d 1256, 1259 (Miss. 1994). Additionally, "[a]n ineffective assistance claim by its very nature refers to the totality of counsel's pre-trial and trial performance." *Neal v. State*, 525 So. 2d 1279, 1281 (Miss. 1987). "At the outset, defense counsel is presumed competent and the burden of proving otherwise rests on [the appellant]." *Hansen* 649 So. 2d at 1258. Dillard "must allege these matters with specificity and detail" to obtain an evidentiary hearing. *Perkins v. State*, 487 So.2d 791, 793 (Miss. 1986); Miss. Code Ann. § 99-39-9(1) (1994). The petitioner's well pled allegations are taken as true. *Moore v. Ruth*, 556 So. 2d 1059, 1061 (Miss. 1990). And where the appellant is proceeding *pro se*, the Court takes that fact into account so that meritorious complaints are not lost because inartfully drafted. *Id.*

Even when considering the possibility of inartful drafting, Dillard has not pled his arguments with sufficient "specificity and detail" to be entitled to an evidentiary hearing. Instead, his allegations are general statements regarding his own opinion of his attorney's performance, with no substantiating statements. Dillard claims that he would have proceeded to trial rather than pleading guilty had he been informed of the elements of the sale of cocaine charge. He further claims that his case was no more than a mere possession of cocaine. However, he does not indicate the element or elements that were not met in his case and the facts that would have changed his case to a mere possession rather than a sale of cocaine charge. Furthermore, Dillard's allegations are contradicted by the evidence in the court records. Specifically, Dillard stated under oath that he did sell cocaine in these two cases. Consequently, we find that Dillard's claim does not meet the *Strickland* standard that is required to show ineffective assistance of counsel.

### IV. WHETHER THE TRIAL COURT ERRED IN DISMISSING DILLARD'S POST-CONVICTION RELIEF MOTION WITHOUT AN EVIDENTIARY HEARING.

This Court held "where an affidavit is belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statements of the affiant to the contrary, to the extent that the court can conclude that the affidavit is a sham, no hearing is required." *Harris v. State*, 578

So. 2d 617, 620 (Miss. 1991). The case *sub judice* is controlled by **Harris** in that the allegations in Dillard's Motion for Post-Conviction Relief are completely belied by unimpeachable documentary evidence in the record, specifically, the transcript and his own Petition to Enter Guilty Plea. Under these circumstances an evidentiary hearing is not appropriate. Accordingly, we hold that the trial court did not err in denying Dillard's motion without conducting an evidentiary hearing.

## CONCLUSION

Since this is Dillard's second request for post-conviction relief, his claims are procedurally barred pursuant to Miss. Code Ann. § 99-39-23(6) (Supp. 1997). However, there is also no merit to any of Dillard's claims.

The evidence Dillard provided in support of his excessive sentence is irrelevant because of a change in Mississippi sentencing and parole laws. Furthermore, the sentence he received is only one-third of that allowed by statute. Therefore, this Court will not disturb the trial court's ruling.

Dillard's claim of involuntary guilty plea is completely belied by the evidence contained in the court records. Specifically, his pleadings are in direct conflict with his previous sworn testimony at the guilty plea hearing and his Petition to Enter Guilty Plea. Therefore, we find there is no merit to Dillard's claim that his guilty plea was not voluntarily given.

Dillard has not stated with the required "specificity and detail" as to how his attorney's assistance was ineffective. Dillard claims that he would have proceeded to trial rather than pleading guilty had he been informed of the elements of the sale of cocaine charge. He further claims that his case was no more than a mere possession of cocaine. However, he does not indicate the element or elements that were not met in his case and the facts that would have changed his case to a mere possession rather than a sale of cocaine charge. Additionally, Dillard stated under oath that he did sell cocaine in these two cases. Consequently, we find that Dillard's claim does not meet the **Strickland** standard required to show ineffective assistance of counsel.

Dillard claims that his Motion for Post-Conviction Relief should not have been dismissed without an evidentiary hearing. However, the allegations in Dillard's petition are completely belied by unimpeachable documentary evidence in the record, specifically, the transcript and his own Petition to Enter Guilty Plea. Therefore, we find the trial court's summary dismissal of his request for post-conviction relief is appropriate.

Accordingly, the trial court's denial of Dillard's Motion for Post-Conviction Relief is affirmed.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND MILLS, JJ., CONCUR.**

1. Rule 8.04 is the successor to Rule 3.03 of the Uniform Criminal Rules of Circuit Court Practice.