IN THE SUPREME COURT OF MISSISSIPPI
NO. 1999-KA-01585-SCT

*MILTON LEE BELL*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/07/1999 |
| TRIAL JUDGE: | HON. JOHN H. WHITFIELD |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TOM SUMRALL |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | CONO A. CARANNA, II |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 05/10/2001 |
| MOTION FOR REHEARING FILED: | 5/31/2001 |
| MANDATE ISSUED: | |

**BEFORE BANKS, P.J., SMITH AND WALLER, JJ.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1. Milton Lee Bell (Milton) was convicted in the Circuit Court of the First Judicial District of Harrison County for the sexual battery of a child under the age of fourteen years in violation of Miss. Code Ann. § 97-3-95(c) (1997), and sentenced to the custody of the Mississippi Department of Corrections for a term of thirty years, day for day, without the possibility of parole or probation. Milton appeals to this Court raising the following issues:

> **I. THE COURT COMMITTED ERROR IN ALLOWING TESTIMONY OF SEVERAL WITNESSES AS TO HEARSAY UNDER THE TENDER YEARS EXCEPTION.**

> **II. THERE IS INSUFFICIENT CREDIBLE EVIDENCE TO SUPPORT A JURY VERDICT OF GUILTY.**

> **III. THE COURT COMMITTED ERROR IN SENTENCING THE APPELLANT TO THIRTY YEARS DAY FOR DAY. THE SENTENCE IS EXCESSIVE AND CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT.**

¶2. We find no reversible error and affirm the judgment of the trial court.

## FACTS AND PROCEEDINGS BELOW

¶3. On June 19, 1997, the six-year-old victim was at her mother's home when her aunt, Stacey Ball, noticed that she was walking funny. Ball questioned the victim by asking if anyone had touched her in the

wrong way. The victim then told Ball that her uncles, Milton and Larry, and her daddy, had all had sexual contact with her. Ball called the victim's mother, Kimberly Presley, at work, and Presley, upon examining the child, discovered blood in her underclothes, so she took the victim to the hospital emergency room. The police investigation revealed that while the victim was visiting in the home of her father, she was victimized by her male relatives.

¶4. At trial, the child victim testified that on June 19, 1997, while visiting at her father's home, her uncle Milton "stuck his private part in me." In response to the question of where specifically Milton penetrated her, the victim replied "in the front."

¶5. The prosecution then called five witnesses, four of whom testified to statements the victim made to them about her sexual molestation. The victim's aunt, Stacey Ball, testified that she observed the child walking "with a limp", so she "just asked her is anybody touching her in the wrong way." The victim replied "yes, that her two uncles and her dad was messing with her." Ball further testified that the victim told her Milton had "stuck his penis in her anal area and his fingers in her vagina."

¶6. The child' s mother, Kimberly Presley, testified that on June 19, 1997, she received a call at work regarding her daughter, and she went home to check on the victim. Presley testified the victim told her Milton had put vaseline on himself and "went into her vagina" and "into her butt."

¶7. Gulfport Police Officer Windell Johnson testified that he responded to a call at the hospital emergency room, where he interviewed the child victim. The victim told Officer Johnson that "Milton would take and put some kind of grease or some kind of oil on his front parts- on his front private parts and inserted it inside her behind."

¶8. Detective Sergeant Steve Dedual, the officer assigned to investigate the case, testified that he interviewed the victim at the police department after she was released from the hospital, where she told him "Milton woke her up, placed hair grease on his thing and stuck it in her booty", and she pointed to her rectal area.

¶9. Dr. Daniel Overbeck, the emergency room physician who treated the victim when she was brought to the hospital, testified that the victim's hymen was shredded and that there were several healing abrasions around the child's anus which were more than forty-eight hours old and consistent with anal penetration.

¶10. Milton was convicted by jury verdict of sexual battery, specifically anal penetration of a child under the age of fourteen years, and was immediately sentenced to thirty years imprisonment without the possibility of probation or parole. Milton's motion for a new trial was denied.

## DISCUSSION

### I. WHETHER THE TRIAL COURT COMMITTED ERROR IN ALLOWING HEARSAY TESTIMONY OF SEVERAL WITNESSES UNDER THE TENDER YEARS EXCEPTION.

¶11. Milton argues the testimony of the victim's mother, aunt, and the two police officers was inadmissible hearsay because the trial court's finding of substantial indicia of reliability in spontaneity failed to meet the specific requirements of M.R.E. 803(25), which provides:

A statement made by a child of tender years describing any act of sexual contact performed with or on the child by another is admissible in evidence if: (a) the court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide substantial indicia of reliability; and (b) the child either (1) testifies at the proceedings; or (2) is unavailable as a witness: provided, that when the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.

¶12. The trial court conducted a hearing outside the presence of the jury where it addressed the issue of reliability in detail. As to the issue of spontaneity, the trial judge held "Stacey Ball stated that she saw [the child] was walking funny, and she asked a question, and the response was one that was very spontaneous as it related to the question being asked."

¶13. The leading case on the tender years exception to the hearsay rule is *Idaho v.Wright,* 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed. 2d 638 (1990), where the Court held that the child declarant's statements must have "substantial indicia of reliability" to be admissible at trial. The United States Supreme Court reviewed several factors to assist trial courts in determining the reliability of a child's statement, including: spontaneity and consistent repetition; mental state of the declarant; use of terminology unexpected of a child of similar age; and lack of motive to fabricate. *Id.* at 821, 110 S.Ct. at 3150. The Court further advised these factors are not exclusive, and stated "the unifying principle is that these factors relate to whether the child declarant was particularly likely to be telling the truth when the statement was made."*Id*. at 822, 110 S.Ct. at 3150.

¶14. *Wright* is distinguishable from the case at bar in that the declarant in *Wright* was unavailable and the Court was concerned with the reliability of the out-of-court statements and violations of the Sixth Amendment Confrontation Clause. In the present case, the child victim testified at trial and was available for cross-examination by defense counsel.

¶15. This Court has utilized the *Wright* factors in several cases. *See Hennington v. State,* 702 So. 2d 403 (Miss. 1997); *Eakes v. State*, 665 So. 2d 852 (Miss. 1995); *Griffith v. State,* 584 So. 2d 383 (Miss. 1991). The *Wright* factors have also been incorporated into the official commentary to M.R.E. 803(25), which provides guidelines to trial judges for use in determining the admissibility of hearsay statements under the tender years exception.

¶16. On appeal, Milton acknowledges the trial court properly followed the *Wright* factors and evidentiary guidelines, yet erred in the application of those guidelines to the facts in this case. Milton contends the trial court based the admissibility of the hearsay testimony on an erroneous premise of spontaneity. Milton specifically argues that the victim's statements were not spontaneous because her aunt, Stacey Ball, had a preconceived idea of what the victim's response to her question would be, and therefore she asked a very suggestive question to elicit that response. Milton further asserts that all of the victim's other statements were made as a result of the investigation which ensued after her initial response to Ball's suggestive questioning. Milton argues the trial court's analysis of all the factors to determine the reliability of the declarant's statements is therefore tainted, and the testimony of the State's witnesses is inadmissible.

¶17. We disagree with the assertion that Ball's question was highly suggestive. Ball testified : "I just asked her is anybody touching her in the wrong way." This question is sufficiently generalized and inquires as to inappropriate touching, not penile penetration. Ball could not have expected the victim's detailed response as to specific sexual acts performed on her by her male relatives. There is also no evidence in the record to suggest that any of the four hearsay witnesses suspected any inappropriate sexual behavior between Milton

and the victim prior to June 19, 1997, to have prompted such questioning. We find the victim's statements were spontaneous under the facts in this case.

¶18. When the correct legal standard is used by the trial court, this Court will not reverse a finding of admissibility unless there is a finding of an abuse of discretion. *Eakes*, 665 So. 2d at 865. The record reflects the trial court conducted the appropriate legal analysis and hearings on the record out of the presence of the jury to determine the admissibility of the statements in accordance with M.R.E. 803(25). We find no abuse of the trial court's discretion and, therefore, no reversible error.

## II. WHETHER INSUFFICIENT CREDIBLE EVIDENCE EXISTS TO SUPPORT A JURY VERDICT OF GUILTY.

¶19. Milton argues that there is no credible evidence to support the jury's verdict of guilt in this case, given the contradictory statements of the child victim. Milton contends that the victim's testimony is lacking in credibility because she made out-of-court declarations that he had anally penetrated her and then testified at trial that Milton had vaginally penetrated her.

¶20. When the legal sufficiency of the evidence is challenged, we must take the view of the evidence most favorable to the State and must assume that the fact-finder believed the State's witnesses and disbelieved any contradictory evidence. We will reverse only where reasonable and fairminded jurors could only find the accused not guilty. *McClain v. State*, 625 So. 2d 774, 778 (Miss. 1993).

¶21. Based upon four independent interviews, close in time to the abuse, four different adults testified with consistent details to the victim's report of Milton's anal penetration. The victim's mother testified that the victim told her she had been anally <u>and</u> vaginally penetrated by Milton. Although the victim testified at trial only to Milton's vaginal penetration of her, there is substantial evidence otherwise. Given the tender age of the victim at the time of the offense, the trauma of such victimization, the multiple perpetrators, and the anxiety of testifying in open court, it is understandable that the victim may have testified somewhat inconsistently about Milton's criminal sexual acts against her. It is only reasonable that the victim's memory was more accurate at the time the statements were made, given the passage of two years before her testimony at trial. We reject as untenable Milton's argument that the victim's testimony, along with the hearsay testimony and the clear medical evidence of anal penetration, is not sufficient to warrant the jury verdict of guilty.

¶22. The weight and credibility to be accorded the evidence are to be resolved by the jury. *Neal v. State*, 451 So. 2d 743, 758 (Miss. 1984). Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal. *Pleasant v. State*, 701 So. 2d 799, 802 (Miss. 1997). It is the jury's domain to determine witness credibility, and the victim's contradictory statements were considered by the jury, along with the other evidence, and found to be sufficiently credible to justify a guilty verdict. No unconscionable injustice occurs by allowing the jury verdict to stand given that the overwhelming weight of the evidence in this case establishes that the victim was indeed a victim of sexual battery by Milton. This claim is without merit.

## III. WHETHER THE COURT COMMITTED ERROR IN SENTENCING THE APPELLANT TO THIRTY YEARS DAY FOR DAY; THAT THE SENTENCE IS EXCESSIVE AND CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT.

¶23. Milton argues that the trial court's sentencing of him to thirty years, day for day, without the possibility of parole, is excessive, constitutes cruel and unusual punishment, and is disproportionate to the crime committed.

¶24. The United States Supreme Court has determined that an Eighth Amendment proportionality analysis should be guided by the following criteria, including: (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions. *Solem v. Helm*, 463 U.S. 277, 292, 103 S.Ct. 3001, 3011, 77 L.Ed.2d 637, 650 (1983).

¶25. This Court has followed the *Solem* test in reviewing proportionality arguments in several cases. *See Wallace v. State*, 607 So. 2d 1184, 1188 (Miss. 1992); *Fleming v. State*, 604 So. 2d 280, 302-03 (Miss. 1992) *Jones v. State*, 523 So. 2d 957, 961 (Miss. 1988); *Clowers v. State*, 522 So. 2d 762, 764 (Miss. 1988); *Presley v. State*, 474 So. 2d 612, 618-19 (Miss. 1985).

¶26. This Court has further determined that a sentence of thirty years without probation or parole is not disproportionate to the crime of sexual battery and does not constitute cruel and unusual punishment. *Davis v. State*, 510 So. 2d 794, 797 (Miss. 1987). In *Davis* this Court conducted a comparative analysis using the *Solem* factors of sentences for the same crime in other jurisdictions and found the thirty year sentence for sexual battery is not dissimilar to other states. *Id.* at 797.

¶27. This Court has also consistently held that a sentence will not be disturbed on appeal as long as it does not exceed the statutory maximum. *See Stromas v. State*, 618 So. 2d 116, 122 (Miss. 1993); *Wallace v. State*, 607 So. 2d at 1188; *Fleming v. State*, 604 So. 2d at 302; *Reed v. State*, 536 So. 2d 1336, 1339 (Miss. 1988); *Corley v. State*, 536 So. 2d 1314, 1319 (Miss. 1988). The trial court's denial of parole eligibility is in accordance with Miss. Code Ann. § 47-7-3(b) (1999), which prohibits parole for any person convicted of a sex crime.

¶28. Milton further asserts that because the trial court did not order a presentence investigation, he was sentenced without consideration for his age, background, or other factors or circumstances. Presentence investigations are provided for in Miss. Code Ann. § 47-7-9(3)(a) (2000), but are not mandatory and the ordering of such is discretionary with the trial court. *Roberson v. State*, 595 So. 2d 1310, 1315 (Miss. 1992).

¶29. Milton contends the trial judge did not use sound discretion when imposing the maximum penalty of thirty years incarceration. Citing *White v. State,* 742 So. 2d 1126 (Miss. 1999), Milton presents the definition of judicial discretion, as follows:

> Judicial discretion is defined as a "sound judgment which is not exercised arbitrarily, but with regard to what is right and equitable in circumstances and law, and which is directed by the reasoning conscience of the trial judge to just result."

*Id.* at 1136 (citing Black's Law Dictionary 848 (6th ed. 1990)).

¶30. Milton argues the record must reflect the trial judge's reasoning process in imposing sentence, and the record in this case is silent in that regard. Milton further claims the court did not consider his age, background, or any other "factors or circumstances" in determining the length of his sentence. However,

Milton does not provide any mitigating evidence or case authority on appeal for the Court's consideration which would justify a lesser sentence for this offense.

¶31. It is the prerogative of the Legislature to determine the appropriate sentence for crimes, and we do not consider the statutory punishment of thirty years for the crime of sexual battery to be excessive, especially when the victim is a child of tender years. Child molestation has become rampant in our society, and due to the nature of the offense, the emotional (and sometimes physical) harm to the child victim is irreparable.

¶32. We find no error in the imposition and length of Milton's sentence for sexual battery of a child under the age of fourteen years.

## CONCLUSION

¶33. Finding no reversible error, we affirm the judgment of the Harrison County Circuit Court convicting Milton Lee Bell of the sexual battery of a child under the age of fourteen years and sentencing him to thirty years, day for day, in the custody of the Mississippi Department of Corrections without the possibility of probation or parole.

¶34. **CONVICTION OF SEXUAL BATTERY OF A CHILD UNDER THE AGE OF FOURTEEN AND SENTENCE OF THIRTY YEARS, DAY FOR DAY, WITHOUT THE POSSIBILITY OF PAROLE OR PROBATION, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, ARE AFFIRMED.**

**PITTMAN, C.J., BANKS AND McRAE, P.JJ., SMITH, MILLS, COBB, DIAZ AND EASLEY, JJ., CONCUR.**