THOMAS, J.,
for the Court:
¶ 1. Antonio Collins, pro se, appeals an order of the Circuit Court of Rankin County, Mississippi denying his petition for post-conviction relief. Aggrieved, Collins perfected this appeal, raising the following issue as error:
I. THE LOWER COURT COMMITTED MANIFEST ERROR IN DISMISSING COLLINS’ MOTION FOR POST CONVICTION RELIEF.
Finding no error, we affirm.
FACTS
¶ 2. Collins pled guilty to charges of armed robbery and aggravated assault in June of 1999. Collins now alleges that his sentence was unjust due to the fact that his co-indictees received lesser sentences.
ANALYSIS
I. DID THE LOWER COURT COMMIT MANIFEST ERROR IN DISMISSING COLLINS’ MOTION FOR POST CONVICTION RELIEF?
¶ 3. Collins contends that it was illegal for the lower court to sentence him to a greater term than that imposed on his co-indictees. There is no assertion that the sentence Collins received exceeded the limits prescribed by statute.
¶ 4. The sentence imposed on Collins was within the statutory limits and within the discretion of the lower court judge. There is no legal standard requiring co-indictees to receive identical sentences. Jones v. State, 669 So.2d 1383, 1393 (Miss.1995). “So long as the sentence imposed is within the statutory limits, sentencing is generally a matter of trial court discretion.” Wallace v. State, 607 So.2d 1184, 1188 (Miss.1992). An appellate court “will not review the sentence, if it is within the limits prescribed by statute.” Reed v. State, 536 So.2d 1336, 1339 (Miss.1988); see also Boyington v. State, 389 So.2d 485 (Miss.1980). Therefore, this argument is without merit.
¶ 5. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., CONCUR.