809 So.2d 759 (2002)
Michael R. OWENS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-01888-COA.
Court of Appeals of Mississippi.
February 26, 2002.
*760 Michael R. Owens, Pro Se.
Office of the Attorney General, by Jean Smith Vaughan, Attorney for Appellee.
Before KING, P.J., THOMAS, and MYERS, JJ.
THOMAS, J., for the Court.
¶ 1. Michael Owens, pro se, appeals an order of the Circuit Court of Harrison County, Mississippi denying his petition for post-conviction relief. Aggrieved, Owens perfected this appeal, raising the following issue as error:
THE LOWER COURT COMMITTED MANIFEST ERROR IN DISMISSING OWENS' MOTION FOR POST-CONVICTION RELIEF.
Finding no error, we affirm.

FACTS
¶ 2. On July 20, 1998, Owens pled guilty to manslaughter and jail escape. A count of aggravated assault of a law enforcement officer was passed to the files. The Honorable Robert Walker found Owens' guilty pleas to be voluntarily, intelligently and knowingly made. Judge Walker then sentenced Owens to serve a term of twenty years on the manslaughter count and a term of five years on the escape count to run consecutively. On March 7, 2000, Owen petitioned the lower court for post-conviction relief. The lower court denied this petition on October 4, 2000.

ANALYSIS

DID THE LOWER COURT COMMIT MANIFEST ERROR IN DISMISSING OWENS' MOTION FOR POST-CONVICTION RELIEF?
¶ 3. In his petition for post-conviction relief, Owens claims that he was subject to an illegal sentence and ineffective assistance of counsel. In claiming that he was subject to an illegal sentence, Owens cites Williams v. State, 420 So.2d 562 (Miss.1982), and Carleton v. State, 438 So.2d 278 (Miss.1983), to support the argument that he was sentenced under the wrong statute. However, those cases were decided under statutes that were repealed on July 1, 1983, approximately fourteen and a half years prior to Owens' jail escape. Therefore, the sentence imposed on Owens was within the statutory limits and within the discretion of the lower court judge. "So long as the sentence imposed is within the statutory limits, sentencing is generally a matter of trial court discretion." Wallace v. State, 607 So.2d 1184, 1188 (Miss.1992). An appellate court "will not review the sentence, if it is within the limits prescribed by statute." Reed v. State, 536 So.2d 1336, 1339 (Miss.1988); see also Boyington v. State, 389 So.2d 485 (Miss.1980).
¶ 4. In support of his claim that he was subject to ineffective assistance of counsel, Owens claims that his attorney offered poor advice when he suggested that Owens face the escape count immediately after pleading guilty to manslaughter in order to receive a lenient sentence. Owens' claim is addressed under a two-part test established in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and followed by our supreme court in Stringer v. State, 454 So.2d 468, 476 (Miss.1984). A successful completion of this test is paramount to Owens' argument. Owens bears the burden of demonstrating that both prongs have been met. Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985). Under Strickland *761 and Stringer, Owens must show that the counsel's performance was so deficient that it constituted prejudice. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. The asserting party must also show that "but for his attorney's errors, there is a reasonable probability that he would have received a different result in the trial court." Rankin v. State, 636 So.2d 652, 656 (Miss. 1994).
¶ 5. Additionally, there is a strong but rebuttable presumption that an attorney's performance falls within a wide range of reasonable professional assistance and that the decisions made by trial counsel are strategic. Vielee v. State, 653 So.2d 920, 922 (Miss.1995). The Strickland test is applied with deference to counsel's performance, considering the totality of the circumstances to determine whether counsel's actions were both deficient and prejudicial. Conner v. State, 684 So.2d 608, 610 (Miss.1996). The test is to be applied to the overall performance of the attorney. Strickland, 466 U.S. at 695, 104 S.Ct. 2052. With respect to the overall performance of the attorney, "counsel's choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections fall within the ambit of trial strategy." Scott v. State, 742 So.2d 1190 (¶ 14) (Miss.Ct.App.1999); Cole v. State, 666 So.2d 767, 777 (Miss. 1995); Murray v. Maggio, 736 F.2d 279, 283 (5th Cir.1984).
¶ 6. With this in mind, we find that the advice Owens received was strategic and does not meet either of the Strickland prongs. Therefore, this assertion is without merit.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.