999 So.2d 375 (2008)
Scott E. WADDELL a/k/a Andrew Scott Eugene Waddell, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-CP-00020-COA.
Court of Appeals of Mississippi.
February 5, 2008.
Rehearing Denied January 20, 2009.
Scott E. Waddell (pro se), attorney for appellant.
Office of the Attorney General by Laura Hogan Tedder, attorney for appellee.
Before LEE, P.J., CHANDLER and BARNES, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On July 9, 2003, in the Wayne County Circuit Court, Scott Waddell entered an *376 open plea of guilty to armed robbery, with no plea bargain in effect other than that the trial court would not sentence him to more than twenty years and the State would dismiss four other counts in the indictment. After a sentencing hearing, the trial court sentenced him to serve a term of fifteen years in the custody of the Mississippi Department of Corrections with no eligibility for parole. Waddell then filed a motion to set aside his sentence for modification or reduction. The trial court denied Waddell's motion for relief. Waddell now appeals, asserting numerous issues as follows: (1) the trial court violated his due process rights by failing to properly apply findings from his presentence investigation report, (2) the trial court erred in not weighing the mitigating factors before sentencing him, (3) the trial court exceeded reasonable discretion in sentencing him, (4) the trial court showed bias towards him due to his out-of-state residency, (5) the trial court's remarks concerning probation or post-release supervision were inconsistent with the decisions made involving his co-defendants, (6) the trial court erred in failing to award him credit for time served in jail in Tennessee, (7) the trial court erred in ordering the MDOC to forfeit sixty days of his earned time for the dismissal of his motion for relief, and (8) the cumulative errors require re-sentencing. Finding no error, we affirm.

STANDARD OF REVIEW
¶ 2. A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when issues of law are raised, the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).

DISCUSSION

I. DID THE TRIAL COURT VIOLATE WADDELL'S DUE PROCESS RIGHTS BY FAILING TO ACCURATELY INTERPRET AND PROPERLY APPLY FINDINGS FROM THE PRESENTENCE INVESTIGATION REPORT?
¶ 3. In his first issue on appeal, Waddell argues that the trial court violated his due process rights by failing to accurately interpret and properly apply findings from the presentence investigation report. We first note that Waddell has not included a copy of the presentence investigation report in the record on appeal. The only references to this report are in the transcript of Waddell's sentencing hearing where the trial court cites portions of the report.
¶ 4. A defendant's constitutional rights are not violated when the trial court considers the information contained in a presentence investigation report in determining what sentence to impose. Ferrell v. State, 810 So.2d 607, 612 (¶ 23) (Miss. 2002). Sentencing is within the discretion of the trial court and not subject to appellate review if it is within prescribed statutory limits. Owens v. State, 809 So.2d 759, 760 (¶ 3) (Miss.Ct.App.2002). The sentence for armed robbery carries a minimum sentence of three years and a maximum sentence of life in prison. Miss.Code Ann. § 97-3-79 (Rev.2006). Waddell's sentence of fifteen years was within the statutory guidelines; thus, we can find no error by the trial court.
¶ 5. We also cannot find that the trial court improperly applied any findings from the presentence investigation report. Waddell never objected to any part of the report during the sentencing hearing nor *377 did he supply this Court with any evidence to suggest the report was in error. This issue is without merit.

II. DID THE TRIAL COURT ERR IN NOT WEIGHING THE MITIGATING FACTORS BEFORE SENTENCING WADDELL?
¶ 6. In his second issue on appeal, Waddell argues that the trial court erred in failing to weigh the mitigating factors prior to sentencing. Waddell contends that the trial court should have considered his substance abuse problems, his request for rehabilitation, his wife and children, and his attempts to further his education. As previously stated, sentencing is within the complete discretion of the trial court. Owens, 809 So.2d at 760 (¶ 3). In its findings, the trial court set out numerous facts which it weighed in determining Waddell's sentence, including the violent nature of the offense, Waddell's level of participation in the offense, Waddell's past offenses, Waddell's history with substance abuse, and Waddell's violation of his probation while in Tennessee. As the sentence imposed was within the statutory limits, we cannot find any error by the trial court in imposing the sentence. This issue is without merit.

III. DID THE TRIAL COURT EXCEED REASONABLE DISCRETION IN SENTENCING WADDELL?
¶ 7. In his third issue on appeal, Waddell argues that the trial court exceeded reasonable discretion in sentencing him compared to the sentences received by his co-defendants. Waddell concedes that, in light of Harmelin v. Michigan, 501 U.S. 957, 965-66, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), the Eighth Amendment does not contain a proportionality guarantee. However, Waddell states that because of his involvement in the crime and other mitigating factors as stated supra his sentence was disproportionate to those received by his co-defendants.
¶ 8. Pursuant to limitations set forth in Harmelin, the three-pronged analysis as dictated in Solem v. Helm, 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), will not apply unless there is an inference of gross disproportionality when comparing the crime committed to the sentence imposed. Hoops v. State, 681 So.2d 521, 538 (Miss.1996). Two of Waddell's co-defendants received twenty-year sentences, with ten years suspended, ten years to serve, and five years of post-release supervision. In determining Waddell's sentence, the trial court noted that Waddell admitted to committing the armed robbery, and Waddell admitted to shooting into the victim's car. As the sentence was within the statutorily prescribed limits, we cannot find any inference of gross disproportionality in Waddell's sentence. This issue is without merit.

IV. DID THE TRIAL COURT SHOW BIAS TOWARDS WADDELL DUE TO HIS OUT-OF-STATE RESIDENCY?

V. WERE THE TRIAL COURT'S REMARKS CONCERNING PROBATION OR POST-RELEASE SUPERVISION INCONSISTENT WITH THE DECISIONS MADE INVOLVING WADDELL'S CO-DEFENDANTS?
¶ 9. In his fourth and fifth issues on appeal, Waddell claims that the trial court was biased against him because he lived in Tennessee, and he should have been awarded post-release supervision similar to two of his co-defendants. During sentencing, the trial court stated the following: "I think probation or post-release supervision for somebody that has no contact *378 with the State of Mississippi, is a nonresident in most instances, is inappropriate particularly if they are many, many miles away from this court, which is the case with Mr. Waddell." Waddell was on probation in Tennessee when he and his co-defendants came to Wayne County to commit armed robbery. Waddell was arrested in Tennessee on a probation violation and later was extradited to Mississippi to stand trial on the armed robbery charge.
¶ 10. Pursuant to Mississippi Code Annotation section 47-7-34 (Rev.2004), it is within the discretion of the trial court whether to impose a term of post-release supervision. As the sentence imposed was proper, we cannot find error by the trial court in failing to impose post-release supervision. This issue is without merit.

VI. DID THE TRIAL COURT ERR IN FAILING TO AWARD WADDELL CREDIT FOR TIME SERVED IN JAIL IN TENNESSEE?
¶ 11. In his sixth issue on appeal, Waddell argues that the trial court erred in failing to award him credit for time served in jail in Tennessee, but his co-defendants were awarded credit. The trial court did not award Waddell credit for time served in Tennessee because Waddell did not waive extradition and was not placed into Mississippi custody until September 26, 2002. Waddell had been in jail in Tennessee since the beginning of June 2002. Waddell was given a year of credit for time served while he was in custody in Mississippi.
¶ 12. The supreme court in Holland v. State, 418 So.2d 73, 74 (Miss.1982), found that Mississippi Code Annotated section 99-19-23 (Rev.2007), which allows credit for time served in another jurisdiction, did not apply to time served in another state. The supreme court stated the following:
For us to hold otherwise would encourage an accused to flee this State and seek refuge in a state or locality of his own choosing, and fight extradition knowing that any time spent in jail in such state would be credited to any sentence received by him upon conviction. Such holding would be an impediment to, rather than an aid to, criminal justice.
Holland, 418 So.2d at 74. We find no merit to this issue.

VII. DID THE TRIAL COURT ERR IN ORDERING THE MDOC TO FORFEIT SIXTY DAYS OF WADDELL'S EARNED TIME FOR THE DENIAL OF HIS MOTION FOR RELIEF?
¶ 13. In his seventh issue on appeal, Waddell argues that the trial court erred in ordering the MDOC to forfeit sixty days of his accrued earned time. Pursuant to Mississippi Code Annotated section 47-5-138(3)(a) (Rev.2006), an inmate can lose accrued earned time if he or she files a motion that is frivolous, malicious, or fails to state a claim upon which relief can be granted. The purpose of the statute is to reduce frivolous filings on the part of all those incarcerated individuals, whether literate or illiterate, pro se, or represented by counsel. Holt v. State, 757 So.2d 1088, 1090 (¶ 11) (Miss.Ct.App.2000). It is within the trial court's discretion to determine whether a motion is frivolous. Dock v. State, 802 So.2d 1051, 1056 (¶ 11) (Miss.2001). A motion is frivolous if it has no realistic chance of success, presents no arguably sound basis in fact or law, and no facts are shown to warrant relief. Id.
¶ 14. We agree with the trial court's findings that Waddell's arguments are without merit. Waddell presented no argument which would enable him to prevail upon appeal. Based on this statutory provision, *379 the trial court acted within appropriate boundaries when ordering the forfeiture. Therefore, this issue is without merit.

VIII. DO THE CUMULATIVE ERRORS REQUIRE REVERSAL?
¶ 15. In his eighth issue on appeal, Waddell argues that the cumulative errors require this Court to resentence him. Finding Waddell's arguments to be without merit, we find no cumulative error that would necessitate a reversal. Therefore, we affirm.
¶ 16. THE JUDGMENT OF THE WAYNE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WAYNE COUNTY.
MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR. KING, C.J., CONCURS IN RESULT ONLY. ROBERTS, J., NOT PARTICIPATING.