839 So.2d 584 (2003)
Brian Keith NELSON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00380-COA.
Court of Appeals of Mississippi.
March 11, 2003.
*585 William F. Travis, Southaven, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before SOUTHWICK, P.J., LEE and MYERS, JJ.
LEE, J., for the court.

PROCEDURAL HISTORY
¶ 1. On February 7, 2002, a DeSoto County Circuit Court jury found Brian *586 Keith Nelson guilty of one count of burglary of an automobile and one count of grand larceny. Nelson was sentenced to three years in the custody of the Mississippi Department of Corrections for the burglary and five years' post-release supervision for the grand larceny conviction. Nelson appeals to this Court asserting the following issues: (1) the trial court erred in denying his motion for a directed verdict; (2) the trial court erred by not granting a mistrial after a prejudicial remark was made by a prospective juror; and (3) the trial court erred in failing to instruct the jury to consider the lesser-included offenses of trespass and petit larceny.

FACTS
¶ 2. On or about June 14, 2001, the owner of a racing car, kept at Elam's body shop, discovered that the hood of his racing car had been removed and the carburetor was missing. Approximately two months later Desmond Cage, in the county jail on an unrelated matter, confessed to the theft of the carburetor. Cage told Lieutenant Reyna, a Hernando Police officer who originally investigated the burglary at Elam's Body Shop, that he, Brandon Carpenter, and Brian Keith Nelson were involved in taking the carburetor. Later, Carpenter also confessed to the crime, implicating Cage and Nelson.

DISCUSSION OF ISSUES
I. DID THE LOWER COURT ERR IN DENYING NELSON'S MOTION FOR A DIRECTED VERDICT?
¶ 3. With his first issue, Nelson argues that the State failed to prove its case beyond a reasonable doubt and, therefore, the directed verdict should have been granted. Specifically, Nelson claims that the evidence was legally insufficient to sustain a guilty verdict. We look to our standard of review concerning directed verdicts. When reviewing a denial of a motion for directed verdict, "the court must review the evidence in the light most favorable to the [S]tate, accept as true all the evidence supporting the guilty verdict, and give the prosecution the benefit of all favorable inferences that may reasonably be drawn from the evidence." McClain v. State, 625 So.2d 774, 778 (Miss.1993). The court will reverse only when reasonable and fair-minded jurors could find the accused not guilty. Wetz v. State, 503 So.2d 803, 808 (Miss.1987).
¶ 4. From the testimony presented, we find that there was sufficient evidence to deny the directed verdict and send the case to the jury. We also find that there was sufficient evidence for the jury to find Nelson guilty of both charges. Cage and Carpenter separately confessed to the crimes and each identified Nelson as the one who took the hood off the car, loosened the carburetor with tools, and removed the carburetor from the car. Furthermore, Carpenter testified that Nelson was the one who saw the car and went to inspect it to determine what parts the car contained. The testimony of the witnesses and Nelson was conflicting, but this was a matter for the jury to resolve.
¶ 5. Nelson further argues that the State failed to prove the stolen carburetor was worth more than $250, the value the stolen property must exceed to fall under the grand larceny statute of Miss.Code Ann. § 97-17-41. However, the owner of the carburetor testified that it was worth at least $1000 and that he had to buy a used carburetor for $400 to replace the stolen one. The only testimony Nelson provided to rebut this was his own declaration that he buys used carburetors for anywhere between two and three hundred dollars.
*587 ¶ 6. From the testimony presented, there was sufficient evidence for the jury to resolve any conflicts in favor of the State.
II. DID THE LOWER COURT ERR IN NOT GRANTING A MISTRIAL AFTER A PREJUDICIAL REMARK WAS MADE BY A RESPECTIVE JUROR?
¶ 7. Nelson argues that the lower court should have granted a mistrial after certain comments were made by a jury panelist during voir dire. This particular juror (panelist number 55) mentioned that she thought "he [Nelson] was a client of ours on probation at Justice Network." The Mississippi Supreme Court stated that the trial court is in the best position to determine if a mistrial should be granted. Alexander v. State, 602 So.2d 1180, 1182 (Miss.1992). Furthermore, it is the duty of the trial court to ensure that the jury, although not perfect, can render an impartial decision. Puckett v. State, 737 So.2d 322, 331(¶ 23) (Miss.1999).
¶ 8. After the comment in question was made, the court promptly rectified the situation. The trial judge told the prospective jurors that panelist number 55 was not sure if Nelson was the same person. This was a remark about a possible probation for someone that may or may not have been Nelson. The trial judge also stressed more than once that Nelson was "completely and totally innocent as he sits there." Panelist number 55 was immediately dismissed and panelist number 5 as well, after the trial judge was informed this potential juror's impartiality may have been affected. We feel the trial judge took the appropriate steps to ensure that the jury could render an impartial verdict and, therefore, we find this issue to be without merit.
III. DID THE TRIAL COURT ERR IN FAILING TO INSTRUCT THE JURY TO CONSIDER THE LESSER-INCLUDED OFFENSES OF TRESPASS AND PETIT LARCENY?
¶ 9. Nelson argues that the trial court should have instructed the jury to consider the lesser-included offenses of trespass and petit larceny during the deliberation. The courts have consistently held that a defendant is entitled to a lesser offense instruction only where there is an evidentiary basis in the record. Perkins v. State, 788 So.2d 826, 828(¶ 8) (Miss.Ct.App. 2001). Furthermore, the evidence in a particular case generally warrants granting a lesser offense instruction if a rational or reasonable jury could find the defendant not guilty of the principal offense charged in the indictment, yet guilty of the lesser-included offense. Florence v. State, 786 So.2d 409, 413-14(¶ 14) (Miss.Ct.App. 2001).
¶ 10. Trespass is a lesser-included offense to every burglary and, therefore, "if a rational or reasonable jury could have found [Nelson] not guilty of business burglary yet guilty of trespass, then the lesser-included offense instruction on trespass should have been granted." Id. at (¶ 15). Nelson's own testimony was that he never participated in the burglary and, likewise, never entered the premises of the body shop. We find it improbable that Nelson contends he did not trespass, yet he wants the jury to consider whether or not he in fact trespassed. Absent some evidence that Nelson trespassed in the body shop without participating in the burglary, there was no evidentiary basis for granting the instruction.
¶ 11. Petit larceny is a lesser-included offense of grand larceny if the stolen property in question is worth less than $250. Miss.Code Ann. § 97-17-43 (Rev. 2000). In this case, there was sufficient testimony for the jury to conclude the *588 value of the carburetor exceeded $250. There was evidence from the owner that the carburetor was worth $1000, and the replacement cost $400. Therefore, we find the lesser-included offense of petit larceny was not warranted.
¶ 12. THE JUDGMENT OF THE DESOTO COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, BURGLARY OF AN AUTOMOBILE AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS; COUNT II GRAND LARCENY AND SENTENCE OF FIVE YEARS' POST-RELEASE SUPERVISION TO RUN CONSECUTIVELY TO SENTENCE IN COUNT I, AND TO PAY $1000 IN RESTITUTION AND A FINE OF $1000 IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.