840 So.2d 755 (2003)
Jonathan Lee "Slack" IVORY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00077-COA.
Court of Appeals of Mississippi.
March 18, 2003.
*756 Kenneth E. McNees, William F. Vick, Jackson, attorneys for appellant.
Office of the Attorney General By: Charles W. Maris, attorney for appellee.
Before KING, P.J., THOMAS and CHANDLER, JJ.
*757 THOMAS, J., for the court.
¶ 1. Jonathan Lee "Slack" Ivory was convicted in the Circuit Court of Adams County of the sale of cocaine. He was sentenced to a term of thirty years with ten years suspended and five years' post-release supervision, and to pay a fine of $5,000 and all court costs and fees. Aggrieved, he asserts the following issues on appeal:
I. THE CIRCUIT COURT ERRED IN DENYING THE DEFENDANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT, OR IN THE ALTERNATIVE, A NEW TRIAL.
II. THE CIRCUIT COURT ERRED IN SENTENCING IVORY AS THE SENTENCE IS DISPROPORTIONATE TO THE CRIME FOR WHICH HE WAS CONVICTED.
Finding no error, we affirm.

FACTS
¶ 2. On April 18, 2000, Jonathan Lee Ivory was contacted by Darlene Hardin. Although there was some dispute over exactly what was said, Ivory agreed to meet Hardin and arrived at the Natchez Inn in Natchez, Mississippi, about a half hour after Hardin contacted him. Unknown to Ivory, Hardin had agreed to cooperate with the local drug task force after having been caught for the misdemeanor offense of possessing a crack pipe. In the room adjoining hers were several Natchez-Adams County Metro Narcotics Unit officers who were watching Hardin's room via a hidden video camera. Ivory allegedly sold Hardin cocaine for $180. After Ivory left the room, one of the officers retrieved the cocaine from Hardin and tested it to confirm its composition. Other officers pursued Ivory into the parking lot.
¶ 3. Officers outside, identified by their clothing as law enforcement officers, attempted to stop Ivory. Ivory made it to his car, however, and fled the scene. He later testified that he called the sheriff's department and asked if there were any charges on him, and a dispatcher at the department told him that there were not any. Nine days later, Ivory went to Atlanta, Georgia to visit his sister. After receiving calls from the mother of his child and a law enforcement officer, Ivory returned to Natchez and turned himself in to the authorities.
¶ 4. Ivory testified that the law enforcement agents used profanity at him, did not read him his Miranda warnings, twisted statements that he made, and also stated that he did not sell Hardin cocaine on April 18, 2000, but that she owed him $150. According to the agents, Ivory verbally waived his rights and made several incriminating statements, including that he ran from them because he knew he was in trouble and did not want to go to jail and that he buys drugs out of town in order to sell them in Natchez. At the close of the trial, the jury found Ivory guilty of the sale of cocaine. He was sentenced to thirty years with ten suspended, fives years of post-release supervision, and ordered to pay a fine of $5,000.

ANALYSIS
I. DID THE CIRCUIT COURT ERR IN DENYING THE DEFENDANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT, OR IN THE ALTERNATIVE, A NEW TRIAL?
¶ 5. Ivory asserts that the trial court erred in denying his motion for a judgment notwithstanding the verdict, or in the alternative, a new trial. Ivory contends that Hardin was a crack addict that was untrustworthy as a witness and was *758 only doing what was necessary to keep herself out of prison. Ivory testified that Hardin owed him money and that the evidence at trial did not prove that Hardin was not in possession of the cocaine before he arrived at the Natchez Inn. Ivory alleges that the video shown at trial was "at best, skewed" and that he did not waive his rights and his statements should not have been admitted at trial. There are no requirements that the waiver must be written, however. Davis v. State, 320 So.2d 789, 790 (Miss.1975).
¶ 6. A motion for a directed verdict, request for peremptory instruction, and motion for judgment notwithstanding the verdict all challenge the legal sufficiency of the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). "If there is sufficient evidence to support a verdict of guilty, this Court will not reverse." Meshell v. State, 506 So.2d 989, 990 (Miss. 1987). See also Raymond v. State, 478 So.2d 297, 300 (Miss.1985); Fairley v. State, 467 So.2d 894, 902 (Miss.1985). This Court should reverse only where, "with respect to one or more elements of the offense charged, the evidence so considered is such that reasonable and fair minded jurors could only find the accused not guilty." Alexander v. State, 759 So.2d 411, 421(¶ 23) (Miss.2000) (quoting Gossett v. State, 660 So.2d 1285, 1293 (Miss.1995)).
¶ 7. A motion for new trial challenges the weight of the evidence. McClain, 625 So.2d at 781. The standard of review in determining whether a jury verdict is against the overwhelming weight of the evidence is also well settled. "[T]his Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." Collins v. State, 757 So.2d 335, 337(¶ 5) (Miss.Ct.App.2000) (quoting Dudley v. State, 719 So.2d 180, 182(¶ 9) (Miss.1998)). On review, the State is given "the benefit of all favorable inferences that may reasonably be drawn from the evidence." Collins, 757 So.2d at 337(¶ 5) (citing Griffin v. State, 607 So.2d 1197, 1201 (Miss.1992)). "Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal." Collins, 757 So.2d at 337(¶ 5) (quoting Dudley, 719 So.2d at 182).
¶ 8. The evidence presented at trial showed that Ivory met Hardin at the Natchez Inn, and that after he left Hardin was in possession of cocaine. The only evidence which completely supported Ivory's innocence was his own testimony. A reasonable and fair minded juror could easily find Ivory guilty. It is the jury's duty to resolve conflicts in testimony. Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). Accepting as true the evidence which supports the verdict, it is clear the trial court did not abuse its discretion in denying Ivory's motion for a new trial.
II. DID THE CIRCUIT COURT ERR IN SENTENCING IVORY AND IS THE SENTENCE DISPROPORTIONATE TO THE CRIME FOR WHICH HE WAS CONVICTED?
¶ 9. Ivory asserts that the circuit erred in sentencing him to thirty years with ten suspended, five years' post-release supervision, and fining him $5,000 as this sentence was disproportionate to the crime for which he was convicted. The State points out, however, that Ivory failed to object to his sentence either at the time the sentence was imposed or in his post-trial motion. If the appellant did not present to the trial court the proposition that his sentence was unconstitutional, he may *759 not assert that allegation on appeal, and it is procedurally barred. Reed v. State, 536 So.2d 1336, 1339 (Miss.1988).
¶ 10. Without waiving the procedural bar, Ivory could have been forced to serve a maximum of thirty years under the applicable statute. Instead, the trial court suspended two-thirds of this amount and added fives years' post-release supervision and a $5,000 fine which was also supported by statute. "[I]t is well settled that the imposition of a sentence is within the discretion of the trial court and this Court will not review the sentence, if it is within the limits prescribed by statute." Reed, 536 So.2d at 1339.
¶ 11. Ivory bases his contention on the cases of White v. State, 742 So.2d 1126 (Miss.1999) and Davis v. State, 724 So.2d 342 (Miss.1998), both of which were remanded due to excessive sentencing. However, in both cases the sentences were for sixty years' imprisonment, three times longer than Ivory was sentenced. Ivory asserts that the $5,000 fine makes his sentence "above and beyond" those given in White and Davis. Ivory points to the fact that the trial court did not conduct a pre-sentence investigation. The decision to conduct a pre-sentence investigation is within the discretion of the trial court and is not mandatory. Hart v. State, 639 So.2d 1313, 1320 (Miss.1994) ¶ 12..
¶ 12. Ivory was allowed to testify to his family status of being a father and that he suffers from multiple sclerosis. During the trial and sentencing, the trial court was also made aware that Hardin alleges that Ivory had sold her drugs on other occasions, that he admitted to being a drug dealer to the agents, and that after the trial he had been arrested on another drug charge while he was out on bond. "Within the statutory framework, sentencing is left to the sound discretion of the trial judge." Jackson v. State, 740 So.2d 832, 836(¶ 15) (Miss.1999). The trial judge did not abuse his discretion in this case.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF ADAMS COUNTY OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TEN YEARS SUSPENDED, FIVE YEARS' POST-RELEASE SUPERVISION, AND FINE OF $5,000 IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.