881 So.2d 308 (2004)
Cedric T. CALHOUN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-01679-COA.
Court of Appeals of Mississippi.
July 27, 2004.
*309 Sharon D. Henderson, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before KING, C.J., BRIDGES, P.J., and CHANDLER, J.
KING, C.J., for the Court.
¶ 1. Cedric Calhoun was convicted in the Circuit Court of Madison County of armed robbery. Aggrieved by his conviction and sentence, Calhoun appeals and states the following issues, which we quote verbatim:
I. Whether the indictment is sufficient to inform the defendant of the charges he must meet thus requiring granting of a directed verdict.
II. Whether the sentence of forty years constituted cruel and unusual punishment.
¶ 2. Finding no error, we affirm the conviction of armed robbery.

STATEMENT OF FACTS
¶ 3. On October 29, 2001, Cedric Calhoun and two companions were riding around in search of a Halloween party at the Van Mark Apartment complex in Ridgeland. The three men were in Calhoun's vehicle, but he was not driving. Calhoun admitted there was a gun in the car, but claimed that it was not his, and that he put it in his pocket to ensure that his companions would not see it. At some point, Calhoun and one of the passengers in the vehicle got out of the car in search of a party.
¶ 4. Calhoun testified that about 10 p.m., he and his companion saw Sean Marie Parkman as she checked her mail at the mail kiosk and decided to scare her. Calhoun testified that he and his companion were both wearing Halloween masks, and when they jumped out of the bushes to scare Parkman the gun he was carrying fell out of his front pocket. Calhoun testified that the woman was obviously frightened, but he told her that they were not trying to take anything from her, and directed that she get into her car. Calhoun claims that Parkman did not comply, and he and his companion walked off behind the mailboxes.
¶ 5. Parkman testified that, on the night in question, she went to take her trash out, and then stopped to check her mail at the front of the apartment complex. She testified that she parked her car at the curb, left it running, about ten feet from the mailboxes, and jumped out to get her mail. Parkman testified that she heard something in the bushes, and as she walked away from the mailboxes, two men jumped out from behind them, and one of them pointed a gun directly at her head, and *310 said, "[G]ive me your f____ money b____." Parkman testified that both men were wearing masks, held her arms, and demanded her purse. Parkman told the men that she did not bring anything with her, and they demanded that she return to her apartment and retrieve her purse. Parkman testified that one of the men got in her car and began rummaging through it. Parkman testified that she began to argue with the men, and the perpetrator with the gun pointed it at her and accused her of lying. Parkman testified that the men finally gave up, made her turn around, and they ran off. Parkman notified the Ridgeland Police of the incident, and the three men were apprehended in the Van Mark Apartment complex and were identified by Parkman.
¶ 6. On August 27, 2002, a jury found Calhoun guilty of armed robbery, and he was sentenced to forty years in the custody of the Mississippi Department of Corrections, with ten years suspended, and five years of supervised probation.

ISSUES AND ANALYSIS

Whether the indictment is sufficient to inform the defendant of the charges he must meet thus requiring granting of a directed verdict.
¶ 7. Calhoun contends the trial court erred in denying his motion for a directed verdict because the indictment was insufficient to support a conviction for armed robbery. Calhoun asserts that the indictment was insufficient because it did not delineate the elements of armed robbery, or attempted armed robbery. Specifically, Calhoun argues that the indictment makes no mention of the intent required for the offense, as it fails to mention that robbery is a specific intent crime. Calhoun also asserts that the indictment was for attempted armed robbery, not armed robbery, and that the jury instructions were otherwise improper.
¶ 8. Once the jury has returned a guilty verdict this Court is not at liberty to direct that the defendant be found not guilty unless viewed in the light most favorable to the verdict no reasonable, hypothetical juror could find beyond a reasonable doubt that the defendant was guilty. Conners v. State, 822 So.2d 290, 293(¶ 6) (Miss.Ct.App.2001) This Court must consider as true all evidence consistent with the defendant's guilt and the State must be given the benefit of all favorable inferences. McClain v. State, 625 So.2d 774, 778 (Miss.1993) (citations omitted). When considering the denial of a motion for a directed verdict, the evidence is viewed in the light most favorable to the State, and all evidence supporting a guilty verdict is accepted as true, and the prosecution must be given the benefit of all favorable inferences that can be reasonably drawn from the evidence. Nelson v. State, 839 So.2d 584, 586(¶ 3) (Miss.Ct.App.2003).
¶ 9. The indictment under which Calhoun was charged reads as follows:
Cedric T. Calhoun late of the county aforesaid, on or about the 29th day of October, 1999, in the county aforesaid and within the jurisdiction of this court, did willfully, unlawfully and feloniously, attempt to take from the presence of Sean Marie Parkman, money, the personal property of Sean Marie Parkman, against her will by putting the said Sean Marie Parkman in fear of immediate injury to her person by the exhibition of a deadly weapon, a gun, in violation of Miss.Code Ann. § 97-3-79 (1972, as amended), and against the peace and dignity of the State of Mississippi.
¶ 10. Calhoun contends that the indictment is defective because it does not address the element of specific intent. While agreeing with Calhoun's contention that robbery is a specific intent crime, we *311 find that use of the word "feloniously" contained in the indictment under which Calhoun was charged was sufficient to allege the necessary element of intent. Thomas v. State, 278 So.2d 469, 471 (Miss.1973). "It is well-established in the law that a charge of felonious taking carries with it an implied assertion of the requisite intent to permanently deprive the rightful owner of the taken property." Johnson v. State, 744 So.2d 833, 837 (¶ 13) (Miss.Ct.App.1999) (internal citations omitted). Moreover, the indictment under which Calhoun was charged tracked the language of Mississippi Code Annotated Section 97-3-79 (Rev.2000).[1] As a general rule, where an indictment tracks the language of a criminal statute it is sufficient to inform the accused of the charge against him. Stevens v. State, 808 So.2d 908 (¶ 31) (Miss.2002). Therefore, we find no merit to Calhoun's contention that he was not appraised of the elements of the charge against him.
¶ 11. Calhoun also asserts that his motion for directed verdict should have been granted because he was convicted of armed robbery, but the indictment charged him with the lesser crime of attempted armed robbery. The language of the indictment states that Calhoun "attempted to take the property of Sean Marie Parkman." The indictment leaves out the language, contained in Mississippi Code Annotated Section 97-3-79, "take or" which appears before the phrase "attempt to take." Calhoun asserts that by leaving out the words "take or" that the State indicted him for attempted armed robbery, and not armed robbery.
¶ 12. Mississippi Code Annotated Section 97-3-79 punishes attempted armed robbery the same as armed robbery. See Miss.Code Ann. § 97-3-79. The language in the indictment tracks the statute, in that the crime of armed robbery is complete at the attempt. It is irrelevant that the indictment only stated that Calhoun "attempted to take" because according to the statute, a person can be convicted of armed robbery while attempting to complete the act. The language in the indictment is consistent with this notion that the act is complete upon the attempt.
¶ 13. Giving the State the benefit of all favorable inferences, and considering the evidence in the light most favorable to the verdict, we find that reasonable hypothetical jurors could have found Calhoun guilty of armed robbery because under the law the act is complete with the attempt. Accordingly, we find no merit in this issue.

II.

Whether the sentence of forty years constituted cruel and unusual punishment.
¶ 14. The record reflects that Calhoun failed to object to his sentence either at the time the sentence was imposed, or in a post-trial motion, and such a failure acts as a procedural bar to this Court's ability to review the issue. Ivory v. State, 840 So.2d 755, 758-59 (¶ 9) (Miss.Ct.App.2003). However, procedural bar notwithstanding, we will address the merits of this issue for the purposes of judicial economy. Calhoun asserts that his sentence of forty *312 years for a gainfully employed, first time offender with no aggravating factors, or egregious actors involved in the crime, constituted cruel and inhuman treatment under the Eighth Amendment.
¶ 15. Calhoun was sentenced pursuant to Mississippi Code Annotated Section 97-3-79 under which the trial judge had the authority to impose any sentence but life imprisonment. We find that Calhoun's sentence of forty years did not constitute cruel and inhuman treatment, and was within the purview of the trial judge to impose, since he had adjudged Calhoun's remaining life expectancy to be forty-two years. "[I]t is well settled that the imposition of a sentence is within the discretion of the trial court and this Court will not review the sentence, if it is within the limits prescribed by statute." Ivory, 840 So.2d at 759 (¶ 10). We find that the trial judge did not abuse his discretion, and accordingly, there is no merit to this issue.
¶ 16. Having found no merit in Calhoun's assignments of error, we affirm the decision of the trial court.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTYOF CONVICTION OF ARMED ROBBERY AND SENTENCE OF FORTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TEN YEARS SUSPENDED AND FIVE YEARS' PROBATION IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
BRIDGES AND SOUTHWICK, P.JJ., LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.
NOTES
[1] Miss.Code Ann. § 97-3-79: Robbery; use of a deadly weapon. Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.