KING, C.J.,
 

 for the Court.
 

 ¶ 1. On August 14, 2006, Gilbert Ewing pleaded guilty in the Circuit Court of Hinds County to one count of armed robbery. Ewing was sentenced to serve thirty years in the custody of the Mississippi Department of Corrections (MDOC), with ten years suspended and five years of post-release supervision. Ewing timely filed a motion for post-conviction relief, and the trial court dismissed the motion. Aggrieved, Ewing timely filed his notice of appeal, raising the following five issues:
 

 I. Whether the indictment’s failure to charge armed robbery and to describe the property taken caused the circuit court to lack subject matter jurisdiction;
 

 II. Whether Ewing’s constitutional protection against double jeopardy was violated;
 

 III. Whether Ewing’s guilty plea to armed robbery was valid;
 

 IV. Whether the waiver of appeal was unenforceable and void; and
 

 V. Whether the trial court constructively amended the grand jury charge in the indictment.
 

 Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On December 13, 2005, Ewing, along with Carlos Brown and Joseph White, were indicted for the following crimes that occurred on May 10, 2005:(1) shooting into an occupied dwelling, (2) burglary, (3) aggravated assault, (4) attempted armed robbery, and (5) kidnapping. Ewing’s trial commenced in June 2006.
 

 ¶ 3. During deliberations, the jury sent a note to the trial court, stating that it had reached a verdict as to Count IV — -armed robbery. The jury submitted several questions to the trial court regarding Counts I, II, III, and V. Based on the questions submitted to the trial court, the State and Ewing entered into plea discussions. They agreed that the State would enter a nolle prosequi to Counts I, II, III, and V and that Ewing would enter a plea of guilty to the armed robbery charge. In compliance with the plea agreement, the State filed an order of nolle prosequi, stating that it was in the State’s best interest to cease further deliberations on Counts I, II, III, and V. Then, Ewing withdrew his plea of not guilty and entered a guilty plea to the charge of armed robbery. Ewing also signed a petition that waived his right to appeal. Ewing was sentenced to serve thirty years in the custody of the MDOC, with ten years suspended and five years of post-release supervision.
 

 ¶ 4. On March 2, 2007, Ewing filed a “Motion to Vacate Sentence and Conviction,” arguing that: (1) the State failed to prove that he committed armed robbery; (2) the State’s evidence was insufficient to support a conviction of armed robbery; and (3) Count IV of the indictment failed to state an offense because it did not specify the property that was taken from the victim. The trial court treated Ewing’s motion as a motion for post-conviction relief. On March 22, 2007, the trial court dismissed Ewing’s motion, finding that Ewing’s claims were moot because he entered a guilty plea.
 

 ¶ 5. Aggrieved, Ewing filed his notice of appeal.
 

 ANALYSIS
 

 ¶ 6. This Court will not disturb the trial court’s dismissal of a motion for post-conviction relief unless we find it to be clearly
 
 *615
 
 erroneous.
 
 Williams v. State,
 
 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004). However, issues of law are reviewed de novo.
 
 Id.
 

 I. Count IV of the Indictment
 

 ¶ 7. Ewing argues that his indictment was defective because: (1) Count IV only charged him with attempted armed robbery, not armed robbery, and (2) the indictment failed to describe the property that was allegedly taken from the victim. Conversely, the State argues that Ewing waived any non-jurisdictional defects in the indictment when he entered his guilty plea.
 

 ¶ 8. The law is clear that a defendant waives all non-jurisdictional defects in the indictment when he enters an intelligent and voluntary guilty plea.
 
 Kincaid v. State,
 
 711 So.2d 873, 877(¶ 19) (Miss.1998). However, a guilty plea does not waive “the failure of an indictment to charge a criminal offense or, more specifically, to charge an essential element of a criminal offense ....”
 
 Id.
 
 at (¶ 20).
 

 ¶ 9. Count IV of Ewing’s indictment charged that:
 

 [Ewing] did wilfully, unlawfully, and fe-loniously attempt to take from the person and the presence of Chiquita Scott personal property ... against her will by violence to her person or by putting Chiquita Scott in fear of immediate injury to her person by the exhibition of a deadly weapon to-wit: a small caliber handgun, in violation of [Mississippi Code Annotated section 97-3-79 (Rev. 2006) ].
 

 Mississippi Code Annotated section 97-3-79 (rev.2006) provides that:
 

 Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery....
 

 ¶ 10. Count IV of Ewing’s indictment basically tracked the language of the statute, but the indictment included the phrase “attempt to take” instead of using the entire phrase of “take or attempt to take.” However, this Court has held that:
 

 Mississippi Code Annotated [s]ection 97-3-79 punishes attempted armed robbery the same as armed robbery.... The language in the indictment tracks the statute, in that the crime of armed robbery is complete at the attempt. It is irrelevant that the indictment only stated that [the defendant] “attempted to take” because according to the statute, a person can be convicted of armed robbery while attempting to complete the act. The language in the indictment is consistent with this notion that the act is complete upon the attempt.
 

 Calhoun v. State,
 
 881 So.2d 308, 311(¶ 12) (Miss.Ct.App.2004). The Court’s holding in
 
 Calhoun
 
 is applicable to the case at bar. Because the act of armed robbery is complete upon the attempt, it is immaterial that the indictment only charged that Ewing attempted to take the personal property of the victim.
 

 ¶ 11. Next, Ewing argues that the indictment was defective because it failed to describe the personal property that was allegedly taken from the victim. “An indictment must contain: (1) the essential elements of the offense charged, (2) sufficient facts to fairly inform the defendant of the charge against which he must defend, and (3) sufficient facts to enable him to plead double jeopardy in the event of a future prosecution.”
 
 Gilmer v. State,
 
 955 So.2d 829, 836(¶ 24) (Miss.2007) (citing
 
 Hamling v. United States,
 
 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974)).
 

 
 *616
 
 ¶ 12. As previously mentioned, Ewing was charged with armed robbery under section 97-3-79. Armed robbery has three essential elements: “(1) felonious intent, (2) force or putting in fear as a means of effectuating the intent, and (3) by that means taking and carrying away the property of another from his person or in his presence.”
 
 Croft v. State,
 
 992 So.2d 1151, 1157(¶ 26) (Miss.2008) (quoting
 
 Walker v. State,
 
 913 So.2d 198, 223(¶ 78) (Miss.2005)). The statute does not suggest that a description of the personal property allegedly taken is a necessary element of the crime. This Court has held that “as a general rule, an indictment which tracks the language of a criminal statute is sufficient to inform the defendant of the charge against him.”
 
 Ford v. State,
 
 911 So.2d 1007, 1012—13(¶ 14) (citing
 
 Stevens v. State,
 
 808 So.2d 908, 919(¶ 31) (Miss.2002)). Ewing’s indictment tracked the language of section 97-3-79, and we find that the indictment was sufficient to put him on notice of the charge against him. This argument is without merit.
 

 II.Double Jeopardy
 

 ¶ 13. Ewing argues that he was subjected to double jeopardy because he was charged with armed robbery on three occasions: (1) in Count II of his indictment, (2) in Count IV of his indictment, and (3) when he pleaded guilty to the charge of armed robbery.
 

 ¶ 14. The Fifth Amendment to the United States Constitution and Article 3, Section 22 of the Mississippi Constitution protect against double jeopardy, providing that no person shall be prosecuted twice for the same offense. The Double Jeopardy Clause “prevents a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense.”
 
 Thomas v. State,
 
 930 So.2d 1264, 1265-66(¶ 5) (Miss.Ct.App.2005) (citing
 
 Greenwood v. State,
 
 744 So.2d 767, 770(¶ 14) (Miss.1999)).
 

 ¶ 15. A defendant cannot be convicted of a crime “unless by confession of his guilt in open court or by admitting the truth of the charge against him by his plea, or by the verdict of a jury accepted and recorded in court.” Miss.Code Ann. § 99-19-3 (Rev.2007). In the case at bar, the jury simply informed the trial court that it had reached a verdict on Count IV and had not reached a verdict regarding the other four counts of the indictment. As previously mentioned, the State filed an “Order of Nolle Prosequi” on Counts I, II, III, and V. Because the burglary charge in Count II was passed to the file, Ewing was no longer charged with nor convicted of Count II.
 

 ¶ 16. Ewing entered a guilty plea to the armed robbery charge in Count IV before the jury announced its verdict in open court. Ewing was not convicted of the crime of armed robbery until he confessed his guilt. Based on the foregoing, we find that no issue of double jeopardy exists in this case. This argument is wholly without merit.
 

 III. Guilty Plea
 

 IV. Waiver of Appeal
 

 V. Constructive Amendment of the Indictment
 

 ¶ 17. Ewing raises three more issues for the first time on appeal. Ewing argues that his guilty plea was not entered intelligently and voluntarily because Count IV of the indictment charged him with attempted armed robbery and not armed robbery. Ewing argues that his waiver of appeal is unenforceable and void because the indictment allegedly misidentified the victim. Ewing also argues that the trial court impermissibly and constructively amended the indictment, which charged
 
 *617
 
 him with attempted armed robbery, by instructing the jury to decide if he committed armed robbery.
 

 ¶ 18. Ewing’s failure to raise the issue of the voluntariness of his guilty plea before the trial court in his motion for post-conviction relief bars this issue from our review.
 
 Foster v. State,
 
 716 So.2d 538, 540(¶ 9) (Miss.1998). Additionally, Ewing’s failure to raise the issue concerning his waiver of appeal before the trial court bars this issue from our review.
 
 See Black v. State,
 
 919 So.2d 1017, 1019(¶ 6) (Miss.Ct.App.2005). The law is clear that “a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial.”
 
 Holland v. State,
 
 956 So.2d 322, 326(¶ 9) (Miss.Ct.App.2007) (quoting
 
 Swindoll v. State,
 
 859 So.2d 1063, 1065(119) (Miss.Ct.App.2003)). Thus, by entering his guilty plea, Ewing waived the right to complain of the jury instruction that allegedly amended the indictment.
 

 CONCLUSION
 

 ¶ 19. Based on our review of the record, we find that Ewing’s indictment was not fatally defective, and Ewing was not subject to double jeopardy. Because Ewing failed to raise the voluntariness of his guilty plea and his waiver of appeal before the trial court, these issues are procedurally barred from the Court’s review. Also, because Ewing pleaded guilty to the crime of armed robbery, he cannot now complain of any non-jurisdictional defects which are incident to trial. Accordingly, the dismissal of Ewing’s motion for post-conviction relief is affirmed.
 

 ¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.